# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WILLIAM R. COUCH and SCOTT M. BOGER, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 7:18CV00049<br>) |
| v. | ) **OPINION**<br>) |
| HAROLD CLARKE, ET AL., | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*William R. Couch and Scott M. Boger, Pro Se Plaintiffs.*

Plaintiff William R. Couch, a Virginia inmate, and Scott M. Boger, a nonincarcerated individual, have attempted to jointly file this pro se civil rights complaint under 42 U.S.C. § 1983. They allege that, as recently amended and applied, Virginia Department of Corrections Operating Procedure ("OP") 803.1, requires that incoming mail to VDOC inmates, including photographs and envelope, must be photocopied onto three, two-sided sheets. Inmates receive the photocopied sheets, and all originals are destroyed in the prison mailroom. Mailings that would exceed this photocopy limit are returned to sender. Boger sent several mailings to Couch that were either returned to Boger, as exceeding the photocopy page limit, or photocopied, with the originals destroyed. After review

of the record, I conclude that Boger's claims must be summarily dismissed without prejudice.

First, the Complaint does not provide all required information to allow Boger to proceed as a joint plaintiff. "Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, "[t]he paper must state the signer's address, e-mail address, and telephone number." *Id.* While Boger signed the Complaint in this case, he did not provide the other required information. Rather, Couch submitted the Complaint, listing only his mailing address on the cover letter and envelope and referring to the lawsuit as "my § 1983 Complaint with Exhibits." Cover Letter, ECF No. 1-2. Couch also submitted the $400 filing costs.

Second, neither Couch nor Boger is a licensed attorney. Accordingly, neither of them is permitted to represent any person in federal court other than himself. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Myers v. Loudon Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others).

Because the record before me indicates that pro se inmate Couch, unlicensed as an attorney, is impermissibly litigating on behalf of himself and co-plaintiff Boger, I conclude that Boger's claims in this action must be dismissed without prejudice. Boger is advised that if he wishes to file his claims in a separate civil action in this Court, he must prepay the filing costs of $400. If he is unable to pay the filing fee, he may submit with his Complaint an Application to Proceed Without Prepaying Fees or Costs.

In the alternative, Boger may submit to the court a motion to join the case as a co-plaintiff, providing his mailing address, email address, and telephone number, as required. He is further advised that to represent himself in this case, he must personally sign all pleadings or motions submitted to the court as an indication that the factual and legal representations are true and accurate.

A separate Order will be entered herewith.

DATED: February 26, 2018

/s/ James P. Jones
United States District Judge